# CASES DETERMINED

## *January Term, 1884.*

---

TUTTLE vs. THE TOWN OF WESTON.

*September 28, 1883 — January 8, 1884.*

TOWNS.  *Compromise of indebtedness by electors: Notice.*

The power conferred upon the electors of a town by subd. 5, sec. 776, R. S., has no reference to ordinary expenses and matters provided for in the other subdivisions of that section where no notice or special method of submission is required, but refers only to the compromise or settlement of such classes of indebtedness, outstanding bonds, or other obligations, as are extraordinary in their nature, and hence require provision for their payment by the issuance of bonds. Under the general powers conferred by subd. 1, 2, sec. 776, R. S., therefore, the electors at a town meeting may vote to allow a certain sum in settlement of a claim for the support of a pauper, although no previous notice has been given that such claim will be presented or acted upon.

APPEAL from the Circuit Court for *Clark* County.

The case is thus stated by Mr. Justice CASSODAY:

"The plaintiff claims $620 of the town for boarding, lodging, extra care, nursing, and attention furnished and rendered, at the special instance and request of the town, to and for Ransler Tuttle, father of the plaintiff, who was during the time in need thereof, and a poor and indigent person, having a lawful settlement in the town. A written statement of the claim was filed with the town clerk, April 23, 1881, to be laid before the town board of audit. At the

next annual town meeting thereafter a majority of the legal voters present voted to allow the plaintiff $320 in settlement of his claim, which action and vote the town board wholly disregarded. This action was not commenced until more than ten days after the annual town meeting. At the close of the testimony, the jury, by direction of the court, found for the plaintiff, and assessed his damages at $329.30, which was made up of the amount voted and interest."

From the judgment entered accordingly the defendant appealed.

The cause was submitted for the appellant on the brief of *J. R. Sturdevant* and *R. J. MacBride*, and for the respondent on that of *Ring & Youmans*.

. The following opinion was filed October 23, 1883:

CASSODAY, J. The real contention is whether the voters present at the annual town meeting had authority to compromise the plaintiff's claim by allowing him the amount named in settlement, without any previous notice that such claim would be presented or acted upon. The complaint seems to have been upon the original contract, but evidently states enough to allow proof of the compromise, as held by the trial court. It is urged that an annual town meeting has no power of compromising a claim like the one in question, except such as is derived from subdivisions 5 and 7, sec. 776, R. S., and that the seventh provides that the powers conferred by those two subdivisions shall not be exercised at any such town meeting, unless the town board shall have given notice of their intention to present the proposition to such meeting, as is required in case of special town meetings, nor unless a resolution or order to be voted upon, containing the particulars required by the *next section*, shall be first publicly read to such meeting before the vote shall be taken. The next section provides that no *bonds* shall be issued by any town, when the power to issue the same de-

Tuttle vs. The Town of Weston.

pends upon a vote of the electors of such town, except in pursuance of a resolution or order duly adopted by the electors of such town, at an annual or special town meeting, at which such town is authorized by law to order the issue of the same; nor unless, etc.    Sec. 777, R. S.    It is evident that this section is to be construed in connection with the two subdivisions mentioned.    So construed, we must hold that the power conferred by subd. 5, to direct the compromise or settlement of any legal indebtedness, outstanding bonds, or other obligations, or of any suit or controversy existing against such town, refers only to such classes of indebtedness, outstanding bonds, or other obligations as are extraordinary in their nature, and hence require provision for their payment at some future time, by issuing the bonds of the town.    Clearly subd. 7 is not applicable, for that only authorizes the issuing and negotiating bonds for the purpose of defraying the expenses of building any bridge, etc.    Subd. 5 is more indefinite, but that authorizes the issuing of bonds or obligations not exceeding the amount of such indebtedness, and to negotiate the same, either directly in settlement of such indebtedness, or in raising money to settle and pay the same.    We must conclude that the power conferred by that subdivision has no reference to the ordinary expenses and matters provided for in the other subdivisions of that section, where no notice nor special method of submission is required.

By subd. 1 of sec. 776, R. S., the qualified electors of the town, at any annual town meeting, are expressly empowered to vote to raise money for the support of the poor, and for defraying all other proper charges and expenses of the town, subject to certain limitations as to the amount of highway taxes.    By subd. 2 of the same section such voters are expressly empowered, at such annual town meeting, to direct the institution and defense of all actions in which the town is a party or interested, to employ all agents and attorneys for the

prosecution or defense of the same, and to raise such sums of money for that purpose as they may deem proper. These general powers are, of course, subject to the limitations named in subdivisions 5 and 7 above mentioned. But, as already observed, the case does not come within any of those limitations, and hence we conclude that the powers expressly given by subdivisions 1 and 2, also gave, by necessary implication, the power to compromise the claim in question without any previous notice.

Having the power .to compromise the claim by the vote taken, the action of the voters in doing so became binding upon the town board, and hence the plaintiff was entitled to the verdict rendered upon the undisputed evidence. Being in settlement, it included all matters between the parties. The conclusions reached render it unnecessary to consider the other exceptions in the record.

*By the Court.*— The judgment of the. circuit court is affirmed.

A motion for a rehearing was denied January 8, 1884.